The CROW TRIBE OF INDIANS, Plaintiff–Appellant,

and

United States of America, Plaintiff–Intervenor,

v.

STATE OF MONTANA, Director, Ken Nordtvedt; County of Big Horn; Treasurer, Big Horn County, Martha Fletcher, Defendants–Appellees.

The CROW TRIBE OF INDIANS, Plaintiff,

and

United States of America, Plaintiff–Intervenor–Appellant,

v.

STATE OF MONTANA, Director, Ken Nordtvedt; County of Big Horn; Treasurer, Big Horn County, Martha Fletcher, Defendants–Appellees.

Nos. 95–35093, 95–35096.

United States Court of Appeals, Ninth Circuit.

Oct. 29, 1996.

Before: BROWNING, WRIGHT, and CANBY, Circuit Judges.

ORDER

The motion to recall the mandate is granted.

The petition for rehearing received on September 18, 1996, is accepted for filing.

The opinion, 92 F.3d 826, is amended by adding to the end of footnote 2:

Montana also argues in its petition for rehearing that this case presents a weaker case for quasi-contractual relief than *California,* where restitution was denied,

because the Tribe did not transfer any resources to the State. But *California* involved an entirely different factual situation: a claim of restitution by the Government where the Government had *voluntarily* agreed to reimburse a contractor subject to a state tax. The Government, unlike the Tribe, was "in no better position than as a subrogee of its contractor," *id.* at 752, 113 S.Ct. at 1788, and the Supreme Court held that "the Government cannot use the existence of an obligation to indemnify [a contractor] to create a federal cause of action for money had and received to recover state taxes paid by [the contractor]." *Id.* at 754, 113 S.Ct. at 1789.